COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Malveaux, Friedman and Lorish

MICHAEL LEE GUY

                                    MEMORANDUM OPINION[*]

v.      Record No. 1898-23-4                    PER CURIAM
                                      OCTOBER 29, 2024

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF RAPPAHANNOCK COUNTY
James P. Fisher, Judge

(Anna Cox, Assistant Public Defender, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Liam A. Curry, Assistant
Attorney General, on brief), for appellee.


By final order entered June 27, 2023, the Circuit Court of Rappahannock County revoked

Michael Lee Guy's suspended sentences in their entirety and resuspended all but 16 years and 6

months' incarceration. Guy then moved for reconsideration of his sentence under Code § 19.2-303.

The trial court denied reconsideration by written order. Guy appeals the trial court's order denying

reconsideration. For the following reasons, we affirm the trial court's judgment.[1]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[2]

In 2006, Guy was convicted of six counts of statutory burglary, three counts of grand larceny, and two counts of larceny, third or subsequent offense. By final order entered February 8, 2007, the trial court sentenced him to 30 years' incarceration with 23 years suspended. Guy's supervised probation commenced on August 12, 2022[3]; the probation officer filed a major violation report (MVR) on February 28, 2023, alleging that Guy was arrested for extortion in Culpeper County on August 23, 2022.[4] Guy's arrest stemmed from the "multiple threats of [death and] bodily harm" he sent to his wife in February 2022, while he was still serving his underlying sentence. A Culpeper County jury convicted Guy of felony extortion in January 2023.

On October 11, 2022, while incarcerated for extortion, he was charged with assaulting a law enforcement officer. In December 2022, the Culpeper General District Court convicted Guy of the amended charge of misdemeanor assault and battery. The MVR listed the assault and battery conviction as the basis for Guy's probation revocation hearing.[5]

_____

[2] On appeal, we "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)). "On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)).

[3] "The defendant was released from incarceration on August 12, 2022 after service of his seven year sentence to this jurisdiction as well as his service of sentences imposed in three other jurisdictions."

[4] The MVR is sealed. To the extent that this opinion mentions facts in the MVR—or in any other sealed documents—we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed. *See Chenevert v. Commonwealth*, 72 Va. App. 47, 52 n.1 (2020).

[5] The MVR also noted that the extortion conviction showed that Guy "was not of good behavior during his period of incarceration."

Guy's revocation hearing originally was scheduled for May 23, 2023.  On that date, a sentencing revocation report (SRR) was filed under seal.  It stated that Guy violated the terms of his supervised probation by committing a new misdemeanor violation of law.  It listed a discretionary sentencing guidelines range of zero to six months.  Following a defense motion to continue, the trial court continued the revocation hearing to June 15, 2023.

When the revocation hearing resumed, Guy conceded that he violated the terms of his supervised probation, and the trial court found him in violation.  The probation officer testified that Guy's misdemeanor assault and battery conviction was the basis for the revocation.  The officer also confirmed that Guy was convicted of extortion in Culpeper County based on messages he sent to his wife while he was incarcerated.  Guy received a sentence of "[a]pproximately three years" for extortion.

Guy's father-in-law, Julian Moody, testified on behalf of the Commonwealth.  When the Commonwealth asked Moody to describe "the basic facts" of the extortion case, Guy objected on relevance grounds.  The trial court overruled the objection.  Moody testified that Guy sent his wife—Moody's daughter—threatening messages from prison.  Moody did not "repeat the language" in the messages out of respect for the court but stated that Guy called her "everything in the book."  Further, Moody averred that his daughter "live[d] in fear every day" and was a "nervous wreck" because of Guy's threats.

The trial court admitted without objection an exhibit introduced by the Commonwealth containing the text messages Guy sent his wife.  The messages showed that Guy repeatedly threatened to harm his wife and her son if she did not answer his phone calls.  In one message he stated: "Im [sic] going to really really hurt you real bad and it wont [sic] stop with you I will really make an example of" her son, and "pick up the fucking phone or sign your fucking death certificate Im [sic] not playing I will make it my goal to make sure you know real pain."  He also threatened to

cause "the most horrific pain imaginable," stated that she was "dead" if she did not pick up the phone in the morning, and that her son would "find out just how me[a]n" Guy could be. Guy repeatedly called her a host of derogatory and offensive terms.

Guy asked the trial court to impose a sentence within the discretionary sentencing guidelines range of time served to six months. He stated that he had been incarcerated from 2006 to 2022, "nearly the entirety of his adult life." He worked as a cook for eight years in prison, and "actively pursu[ed] self[-]improvement the entire time that he was incarcerated" by completing as many courses as possible. Guy "realize[d]" that he made a "grave" mistake and had "learned a lesson." He was "very eager" to see his daughter, granddaughter, and parents, and he wished to divorce his wife and have no contact with her.

The Commonwealth requested a two-year sentence. It noted that Guy's underlying convictions included six counts of statutory burglary, which was "one of the most serious and violent type of offenses." The Commonwealth highlighted that, after commencing supervised probation in August 2022, Guy was convicted of assault and battery in December 2022. The Commonwealth also argued that the threatening messages Guy sent to his wife from prison showed what he was "capable of."

In allocution, Guy "t[ook] responsibility" for his actions and apologized to his wife, her son, and Moody. He explained that he hoped that they would have "a speedy healing process," and pledged to continue "to better" himself.

Before pronouncing sentence, the trial court noted that it had "taken some extra time to look into" the case "because there [we]re quite a number of documents, and there [we]re a number of factors" for the trial court to consider. The trial court noted that Guy had a "robust criminal history" involving "residential burglaries and larcenies, which [we]re very, very serious crimes." The trial court was "really concern[ed]" that after serving a lengthy sentence, Guy both sent death threats to

his wife and committed assault and battery. The trial court characterized Guy's "litany of threats to murder" his wife and her son as "very, very serious."

The trial court stated that it "interpret[ed]" the Commonwealth's sentencing request to be 2 years' incarceration for each of the 11 underlying convictions. The trial court declined to "go that high," but revoked Guy's suspended sentences and resuspended all but 1 year and 6 months' incarceration on each underlying conviction, for a total active sentence of 16 years and 6 months. The trial court explained that the guidelines were inadequate given all the evidence, particularly the seriousness of the threats. Additionally, the trial court "terminate[d] probation," concluding that Guy was not amenable to supervision.

The same day as the revocation hearing, the trial court signed a different SRR than the one filed under seal on May 23, 2023. Unlike the sealed SRR, this one stated that Guy violated his supervised probation by committing both a new misdemeanor and a new felony violation of law. It also recommended a range of sentencing between eight months and two years' incarceration. In explaining its reason for departure from the discretionary sentencing guidelines range, the trial court explained that it found that the guidelines "inadequately weigh[ed]" the fact that a "career criminal" made multiple death threats soon before his release from a "significant" prison sentence. And the trial court found that the guidelines inadequately weighed the threat that Guy posed to his wife and society, "particularly when coupled with" his criminal history. It also noted the nature of Guy's prior offenses, and his new criminal behavior.

Before the trial court entered the final revocation order, Guy moved for reconsideration of his sentence. Defense counsel represented that, after the revocation hearing, the prosecutor clarified that the Commonwealth's sentencing request was two years total, rather than two years on each count. Further, defense counsel asserted that "[e]ven if the felony conviction had been part of the

basis of the violation," Guy's sentence would be "eight times the high end" of the discretionary sentencing guidelines range. The trial court declined to reconsider the sentence.

Around three months after the trial court entered the final revocation order, Guy again moved for reconsideration, this time under Code § 19.2-303. He asserted that "[a]fter the hearing, and without notice to or argument by the parties, a new Sentencing Revocation Report was filed" stating that Guy "had been found in violation both for a new misdemeanor conviction and for a new felony conviction." Guy contended that the trial court "should grant a hearing to reconsider" his sentence because the parties had no "opportunity to review, object to, or argue the new" report. He asserted that a hearing was "compatible with the public interest" to allow the parties to "air out all legal issues in open court before a defendant is found guilty or sentenced."

The trial court denied his request without a hearing. It explained that Guy "conceded to violating probation." Regardless of whether the felony extortion conviction was a basis of the violation, it remained a proper sentencing consideration. The trial court added that the discretionary sentencing guidelines are nonbinding and that neither SRR "materially impacted" the sentencing decision because neither guidelines range was adequate. The trial court "simply gave greater weight to other considerations of sentencing such as" the danger that Guy posed to society and his wife based on his threats to kill her.

Guy now appeals and assigns six assignments of error to the trial court's order denying his motion for reconsideration without a hearing. In his second, third, and sixth assignments of error, Guy asserts that the trial court erroneously failed to give him notice that he violated his probation by incurring a new felony conviction and failing to disclose the evidence proving this violation. In his first and fourth assignments of error, Guy contends that the trial court improperly denied him the opportunity to present evidence contesting the allegation that he violated probation by incurring a new felony conviction and prevented him from confronting and cross-examining the

witnesses against him. Finally, in his fifth assignment of error, Guy claims that the trial court denied him "a neutral and detached hearing body" with respect to the allegation that he violated probation by incurring a new felony conviction.

ANALYSIS

"Code § 19.2-303 is an exception to Rule 1:1," which generally divests the trial court of jurisdiction 21 days after the entry of a final order. *Akers v. Commonwealth*, 298 Va. 448, 452 (2020). Under Code § 19.2-303, a trial court may modify the unserved portion of a felon's sentence any time before he is transferred to the Department of Corrections "if it appears compatible with the public interest and there are circumstances in mitigation of the offense."

This Court reviews a trial court's order denying a motion for reconsideration under Code § 19.2-303 for an abuse of discretion. *Cellucci v. Commonwealth*, 77 Va. App. 36, 45 (2023) (en banc). An abuse of discretion occurs only when reasonable jurists could not differ regarding the result. *Id.* at 46.

Guy contends that he was prejudiced by his purported lack of notice of and opportunity to respond to the allegation that he violated his supervised probation by incurring both a new felony and new misdemeanor conviction. He also argues that the trial court denied him "a neutral and detached hearing body." We disagree. This appeal is limited to the trial court's order denying Guy's motion to reconsider his sentence under the limited exception to Rule 1:1 in Code § 19.2-303.[6] Thus, Guy must show that the trial court's refusal to hold a hearing on his motion to reconsider prejudiced him with respect to his sentence.

---

[6] Guy filed this motion more than 21 days after entry of the final revocation order; thus, the trial court no longer had jurisdiction to reconsider its order revoking Guy's suspended sentences. Rule 1:1. Moreover, in Guy's separate appeal of the final revocation order, he did not argue that the trial court erred by revoking his suspended sentences. *See Guy v. Commonwealth*, No. 1218-23-4 (Va. Ct. App. Oct. 29, 2024).

The record does not support this contention. The MVR alleged that Guy violated the terms of his supervised probation by committing and incurring a conviction for misdemeanor assault and battery. Guy conceded this violation at the revocation hearing, and the trial court found him in violation on that basis. Additionally, the probation officer testified that the misdemeanor conviction was the basis for the revocation.[7] In sum, when the trial court revoked Guy's suspended sentences at the hearing, the basis was clear and uncontested.

The record does not reveal why the probation officer filed two different SRRs, or why the second SRR alleged that Guy's new felony conviction was a basis for the violation. Guy asserts that the trial court was required to take "corrective action by granting" him a hearing "so that he could object to and argue the" contents of the new SRR. But in its order denying reconsideration, the trial court explained that the two reports—and their different sentencing guidelines ranges—were immaterial to its sentencing determination. The trial court reiterated that neither guidelines range was adequate and it would have imposed the same sentence despite the guidelines range.

The record also shows that Guy had full notice of the role that his felony extortion conviction played in his revocation sentence. Guy did not contest that he incurred this conviction, nor did he object to the admission of an exhibit containing the threatening messages that served as the basis of that conviction. Further, Guy had the opportunity to cross-examine Moody about his testimony concerning the extortion conviction.

---

[7]
> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

Code § 19.2-306.1(B).

In its sentencing argument, the Commonwealth stressed that the threats showed what Guy was "capable of." Guy did not challenge that the trial court could consider the extortion conviction in determining his revocation sentence. Instead, he attempted to mitigate the weight of that evidence by apologizing to his wife and averring that he wished to have no further contact with her.

In explaining the sentence, the trial court emphasized that the threats were "very, very serious." It noted that the threats, considered alongside Guy's criminal history and new conviction for assault and battery, warranted a sentence far above the discretionary sentencing guidelines range presented in either SRR. Guy disagreed with that sentence and challenged it in his appeal of the final revocation order. But he had a full and fair opportunity to challenge the Commonwealth's evidence, cross-examine its witnesses, and argue for his preferred sentence in the trial court. Moreover, the felony extortion conviction, far from being a surprise, was a key issue at the revocation hearing.

To the extent that the two SRRs caused confusion, the court clarified the matter in its written order denying reconsideration. The trial court reiterated that it imposed the sentence for the reasons stated at the revocation hearing. Guy's disagreement with that sentence on the merits does not equate to a denial of a fair opportunity to be heard regarding that sentence. Regardless, because Guy conceded committing a nontechnical violation of his supervised probation, any confusion about the basis for revoking his supervised probation was immaterial to his sentence. Thus, the trial court did not abuse its discretion by denying reconsideration under Code § 19.2-303 without a hearing.

CONCLUSION

Accordingly, we affirm the trial court's order denying reconsideration.

*Affirmed.*